United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC BANK, N.A., <br><br>        Plaintiff, <br><br>   v. <br><br> EDWARD J. OSTRIA, <br><br>        Defendant. | Case No. C13-0988 JSC <br><br>**ORDER TO SHOW CAUSE TO DEFENDANT** |

Plaintiff brought this state law unlawful detainer action against Defendant in the Superior Court of California for the County of Marin. Defendant, representing himself, subsequently purported to remove the action to this Court on the basis of federal question jurisdiction. Defendant alleges that "Plaintiff has actually filed a Federal Question action in State Court." (Dkt. No. 1 a 2.) In particular, he explains that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220, preempts state law as to bona fide residential tenants of foreclosed landlords. (*Id.*)

Defendant, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The

1 Court has reviewed the Notice of Removal and has determined that federal question jurisdiction does
2 not exist.

3 "Federal question jurisdiction exists only when a federal question exists on the face of a well-
4 pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311 *1 (N.D. Cal. June 8, 2012). The
5 removed complaint makes only a state law claim for unlawful detainer.  Therefore, this Court does
6 not have federal question jurisdiction. *ING Bank, FSB,* 2012 WL 2077311 at *1.  That Defendant
7 raises defenses and preemption arguments related to the PTFA is irrelevant; a defendant cannot
8 create federal subject matter jurisdiction by adding claims, raising defenses, or alleging ordinary
9 preemption. *Holmes Group, Inc. v. Vornado Air Circulation*, 535 U.S. 826, 830-31 (2002); *Valles v.
10 Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim
11 does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is
12 anticipated in the plaintiff's complaint."); *Federal Nat. Mortg. Ass'n v. Sue Lin Poh*, 2012 WL
13 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (remanding removed unlawful detainer action).

14 Accordingly, Defendant is ordered to show cause as to why this case should not be remanded
15 to the Marin County Superior Court.  In particular, if Defendant believes that this Court has subject
16 matter jurisdiction, it shall file a response in writing by **April 11, 2013** that demonstrates why this
17 Court has jurisdiction.  Defendant is warned that his failure to file a response will result in remand of
18 this action to state court for lack of federal jurisdiction.

20 **IT IS SO ORDERED.**

22 Dated:    March 28, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE